PbaesoN, C. J.
 

 Eejecting the general charges of fraud, made by the bill, as surplusage, the equity of the plaintiff is put upon two grounds.
 

 1st. The defendant, in locating his grant, did not observe the directions of the statute which requires that it should be in a square or an oblong paralellogram, so as not to be more than twice as long as it is broad, but fraudulently located it in such a form as to include the plaintiffs improvement, whereas, by running up the mountain, the defendant could and ought to have located his one hundred acres, so as not to interfere with the plaintiffs improvement, and prevent^the location of the one hundred acres, to which he was also* entitled under the certificate of pre-emption which he had obtained.
 

 It appears by the survey and plat filed as an exhibit and evidence in the cause, that the allegation that the defendant located his grant so as to be more than twice as long as it was broad is not true, for in fact it is nearly an exact square, and we have this question: admit that the the defendant by running up the mountain, could have located his grant so as not to in-, terfere with the plaintiff, was he bound to do so? We can see no principle, either in law or equity, by which the defendant was restricted in the location of his grant, except by the
 
 *432
 
 requirements of the statute. If he did not violate them, although he located so as to cover the improvement of the plaintiff, it was in respect to him,
 
 damnum absque im/jv/ria.
 
 It was his folly or misfortune to have made his improvement within two or three hundred yards of the defendant, and thereby put himself at the defendant’s mercy, without making some arrangement beforehand in regard to the manner in which their respective pre-emption rights should be located. For, in the absence of such an arrangement, the defendant was at liberty to locate his grant so as best to suit himself, and provided he did not violate the requirements of the statute, he was at liberty, so far as the rules of law and equity are involved, without reference to the rules of good neighborship, or the golden rule, “ do unto others, &c.,” to locate his grant as his interest dictated, and was not obliged to run up the side of the mountain to accommodate his neighbor,
 

 ,2nd. The defendant is a citizen of the state of Georgia, and was then, and still is a resident of that State, so as not to bo entitled, under the statute, to a pre-emption right, the provisions of which statute were intended for the benefit of, and is confined to “ poor persons, who are destitute of homes, and have settled upon the unsurveyed lands in the county of Cherokee,” but availing himself of a mistake on the part of the agent of Cherokee lands, in respect to the persons who fell within the meaning of the law, and were entitled to pre-emption rights, he procured a certificate from the said agent, under which ho had the land surveyed, and obtained a grant, whereby the plaintiff was excluded and deprived of his preemption right, and the equity is, that it is against conscience for the defendant to take advantage of a mistake, and claim laud to which he is not entitled, to the injury and exclusion of the plaintiff, who would otherwise have been enabled to locate his pre-emption right, and have obtained a grant for the land now in controversy.
 

 The defendant attempts to meet the alleged equity by assuming two alternative positions, so as to put the plaintiff upon one or the other of two horns of a dilemma, that is: If the
 
 *433
 
 agent for the Cherokee lands bad no power to issue the certificate to the defendant, then the grant to him is void, and the title is still in the State, so that the plaintiff has a clear legal remedy, and there is no equity involved in the case; but if the agent had power to issue the certificate to the defendant, then his action in regard to the person entitled to the certificate, being an adjudication of the question, is conclusive.
 

 ■ Our attention was called to this subject at August Term, 1855, when this case was before us on a demurrer. See
 
 Barnett
 
 v.
 
 Woods,
 
 2 Jones’ Equity 199. We then gave to it some consideration, but did not come to a definite conclusion. We are now satisfied that although the
 
 dilemma
 
 is very ingeniously put by the defendant’s counsel, yet there is a fallacy in it, and the plaintiff’s equity does not fall on either horn, but lias a safe resting place between them.
 

 It does not fall under the first position, for the agent of the State had power over the
 
 suhjeot
 
 matter, that is
 
 “
 
 the land,” and in this particular, our case differs from the class of cases in which it is held that grants issued for land in respect to which the agents of the State had no authority to act, are void; for instance, a grant issued under the ordinary entry laws for confiscated land, which was not subject to entry; or for land in Cherokee county ; or for land covered by navigable water; or for land in one county entered in another. See
 
 Amy
 
 v. Strother, Conf. Rep. 434;
 
 Strother
 
 v.
 
 Cathey,
 
 1 Murph. 102;
 
 University v. Sawyer,
 
 2 Hay. 98:
 
 Stanmire
 
 v. Powell, 13 Ired. 313;
 
 Ward
 
 v. Willis, 6 Jones 185, and falls under the principle established by
 
 Edwards
 
 v. University, 1 Dev. and Bat. Eq. 325; where, as the agents of the State had authority to act in respect
 
 to the land
 
 or subject matter, it was held that a grant, although issued to
 
 & person
 
 who was not entitled, was not
 
 void,
 
 but passed the title out of the State, and the remedy of the- person truly entitled, was to convert the party, who had wrongfully obtained it, into a trustee, and call for a conveyance.
 

 Nor does the plaintiff’s case fall under the second position ; for, although the subject matter was embraced by the author
 
 *434
 
 ity of the States’ agent, and in respect to matters of detail and mere questions of fact, such as whether any improvements were made, and, if so, by what person, and who of several making claim to be the occupant was in fact the occupant, the decision of the agent was intended to be final, yet, in regard to the proper construction of the statute, and the description of persons intended to be embraced by its provisions as objects of the bounty of the State, in disposing of this portion of the public domain, there is nothing to show that it was the intention of the Legislature to confer upon the agent this high judicial powei’, so as to make his adjudication conclusive. And, indeed, if the Legislature had, in express terms, conferred this power, their authority so to do, might well have been questioned. For, the Constitution of the State recognises and establishes this Court as a co-ordinate department of the government, having “ supreme judicial power,” whose right and duty it is to decide, in the last resort, all questions of law; among which is embraced the construction of all acts of the General Assembly. In discharge of the duty thus confided and imposed upon it, by the Constitution, this Court declares its opinion to be that the provisions of the statute in question, confine the bounty of the State to actual occupants, i. e. persons who have settled on these refused and unsurveyed lands in the county of Cherokee. It follows that the agent of the State erred upon a question of law, in awarding a certificate of pre-emption right to the defendant, who was then, and still is a citizen of Georgia, and who had no intention or expectation of becoming a citizen of this State, by reason whereof injustice was done to the plaintiff, who was then, and is now a citizen of this State, entitled to a pre-emption right to the land, including his improvements, according to the certificate of the agent of the State, and is wrongfully excluded therefrom by the certificate given to the defendant, and the grant which he obtained by virtue thereof; whereby the title of the State was divested. And to remedy this wrong and injustice, there will be a decree that the defendant convey to the plaintiff, in fee simple, so much of the land embraced by the grant issued to
 
 *435
 
 him, as, is covered by, and embraced in the certificate awarded to the plaintiff.
 

 Pee Cueiam, Decree accordingly.